## J. VANCE LEWIS v. THE STATE.

No. 2951. Decided April 26, 1905.

**1.—Falsely Interpreting and Misrepresenting Contents of Written Instrument— Indictment—Homestead—Mortgage—Deed.**

The mere fact that a deed absolute on its face may have been intended as a mortgage, or that the property conveyed was homestead, would not preclude a prosecution under article 546, Penal Code, if the grantees intended to give a mortgage and defendant had them give a deed by reason of false representations.

**2.—Same—Evidence—Deed.**

In a prosecution for falsely interpreting and misrepresenting the contents of a written instrument, it was not error to admit in evidence the deed upon which the prosecution was based, as it purported on its face to be the act of the parties injured.

**3.—Same—Homestead—Charge of Court.**

The mere fact that the property conveyed was homestead, would not authorize the court to charge the jury to find appellant, who was being tried for falsely interpreting and misrepresenting the contents of a written instrument, not guilty; since that was immaterial.

**4.—Same—Evidence—Fraudulent Intent Shown by Sale.**

The State was properly permitted to introduce in evidence the sale by defendant of the property acquired by him by alleged false representations, to show the fraudulent intent of defendant in acquiring said property in the first instance.

**5.—Same—Evidence—Fraudulent Intent.**

Where the defendant, who was charged with false representations, etc., failed to record a deed dated August 9, 1902, until March 28, 1903, this fact was admissible in evidence to show fraud on his part.

**6.—Same—Defendants' Declarations.**

Where the defendant on various occasions declared, after the instrument was executed and delivered to him, that the same was a mortgage but he had torn it up, and upon trial contended differently, such declarations were admissible against him upon a charge of falsely interpreting and misrepresenting the contents of such instrument.

**7.—Same—Evidence—Fraud.**

The fact that defendant offered to sell the property in question to one P., prior to selling it to G., was another legitimate circumstance against him on his trial for falsely interpreting, etc., the written instrument conveying the property to him.

**8.—Same—Irrelevant Testimony—Evidence.**

Where defendant was charged with falsely interpreting, etc., a written instrument made to him, it was error to admit testimony of the grantees that they had some time after the delivery of such instrument employed defendant to bring suit to set aside this instrument and the one he had made to the same property to a third party, and that he had brought such suit, as such testimony was irrelevant and highly prejudicial to defendant's rights.

**9.—Same—Charge of Court—Definition of Mortgage.**

Upon a trial for falsely interpreting, etc., a deed to be a mortgage at the time of its execution and delivery, the court should instruct the jury what, in law, would be a mortgage.

Appeal from the Criminal District Court of Harris. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of falsely interpreting, etc., the contents of a written instrument; penalty, two years imprisonment in the penitentiary.

No statement necessary.

*Brockman & Kahn,* for appellant.—On question of admitting testimony that grantees had employed defendant to bring suit: Jacobs v. State, 59 S. W. Rep., 1111; Dansette v. State, 45 id., 800.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was indicted under article 546, Penal Code, for falsely interpreting and misrepresenting the contents of a written instrument, and his punishment fixed at confinement in the penitentiary for a term of two years.

The charging part of the indictment is as follows: * * * "J. Vance Lewis, with intent to defraud, did falsely interpret and misrepresent the contents of a certain written instrument of writing to Jacob Moore, who signs his name Jo Moore, and to Maggie Moore, said written instrument being of the tenor following:

"The State of Texas ⎰
County of Harris.  ⎱

Know all men by these presents, that I, Joseph Moore, joined by my wife, Maggie Moore, residents of Harris County, Texas, for and in consideration of five hundred and fifty ($550) dollars, to us in hand paid by J. Vance Lewis also a resident of Houston, Harris County, Texas, have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey, unto the said J. Vance Lewis, the following described land and premises to wit: Being one-half of one acre, out of the ten acre lot No. (49) forty-nine, being part of the Holman survey adjoining the City of Houston on the south side of Buffalo Bayou, Harris County, Texas, and being more particularly described, as follows: Beginning at the S. W. corner, and then follow the W. and E. line so far as to make the half of one acre, being the same property purchased by me from August Fuchs and of record in volume 10, page 242 of Harris County record of deed. To have and to hold, the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto said J. Vance Lewis, his heirs and assigns forever. And we do hereby bind ourselves, our heirs, executors and administrators, to warrant and forever defend, all and singular the said premises unto the said J. Vance Lewis, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof. Witness our hands, this 9th day of August, A. D. 1902. And did then and there falsely interpret and misrepresent its contents for the purpose, and with the intent to induce the said Jo Moore and the said Maggie Moore to sign the said instrument as their act, in this, to wit: the said J. Vance Lewis did then and there falsely interpret said instrument to be a mortgage, and did then and there misrepresent the contents of said written instrument to be a mortgage, with the intent aforesaid; and did then and there represent to said Jo Moore and said Maggie Moore that he, the said Lewis was in need of money to defray his, said Lewis' expenses to the city of Fort Worth, in Tarrant County, Texas, where he, the said Lewis, proposed to look after a civil suit then pending in the court of said Tarrant County, in which the daughter of said Jo Moore and said Maggie Moore were plaintiffs, and

by means of said representations, and by means of falsely interpreting and misrepresenting the contents of said instrument to be a mortgage as aforesaid, and the further representation then and there made by the said Lewis that it was necessary for said Jo Moore and said Maggie Moore to sign a mortgage in order to raise said proposed expenses, and that the amount of said expenses would not exceed $20, did then and there induce said Jo Moore and said Maggie Moore to sign the same as their act, and the said Jo Moore and the said Maggie Moore did then and there sign said written instrument as their act, and said Jo Moore and said Maggie Moore did then and there duly acknowledge such instrument as their act before a duly qualified Notary Public, the said Maggie Moore making her separate acknowledgment thereto, under the belief on the part of them, the said Jo Moore and the said Maggie Moore, that they were signing a mortgage, whereas in truth and in fact the said written instrument so interpreted and misrepresented by the said J. Vance Lewis was another and different instrument in fact, and was not any instrument which it was then and there understood between the said J. Vance Lewis and the said Jo Moore and the said Maggie Moore, that they, the said Jo Moore and the said Maggie Moore should execute and sign, as their act, and was in fact a deed with covenants of warranty reciting a consideration of $550, all of which the said J. Vance Lewis then and there well knew."

Appellant made a motion to quash the indictment on the ground that the instrument declared on in the indictment was either given as an absolute deed, as claimed by appellant, or it was given as a mortgage, as testified to and claimed by the Moores. In either event, appellant could not have been guilty of misinterpreting the instrument, for if a deed it interpreted itself; and if a mortgage, the intention with which it was given and the interpretation given it as such by the parties, made it a mortgage, and there was no misinterpretation. We do not agree to this contention. If the parties intended to give a mortgage, and appellant had them give a deed, the mere fact that the property was a homestead, as appellant also insists, would not preclude the instrument being the valid basis for a prosecution under this statute. It would be a cloud affecting the property, provided it was transferred to third parties, which the evidence shows appellant did; and hence comes within the purview of the statute. The evidence on the part of the State amply supports the allegations of the indictment. Appellant testified that he bought the property, and the deed recited the facts. The mere fact that a deed absolute on its face may have been intended as a mortgage would not preclude the prosecution. Nor would the fact that a deed to a homestead absolute in form may be shown by parol to be intended as security for a loan, convey no title, change the fact that the above instrument was the legitimate subject for the institution of a prosecution under article 546, Penal Code. It follows therefore, that appellant's motion to quash the indictment is not well taken.

Appellant complains that the court erred in permitting the State

to introduce in evidence a deed, dated August 9th, 1902, purporting to be signed by Jo and Maggie Moore. This was not error. The instrument on its face purports to be the acts of Jo Moore and his wife Maggie Moore. The mere fact that the property conveyed was the homestead, as stated above, would not authorize the court to charge the jury to find appellant not guilty, since it is immaterial whether or not it was a homestead. The deed in question could become a valid transfer of the property, and could affect the property within contemplation of the statute.

His fifth assignment of error complains that the court erred in admitting the testimony of State's witness Heideingsfelder, that defendant sold the property mentioned in the instrument from Moore and wife, to Pauline R. Gray, and that he (witness) took the acknowledgment thereto, and that she paid $150 in money, and appellant admitted an indebtedness to her of $450, which made the total consideration $600. This testimony was admissible as showing the fraudulent intent in the first instance, that is, it indicates the State's theory to be true that appellant fraudulently interpreted the instrument to be a mortgage, when as a matter of fact it was a deed, and subsequently sold the property, after he secured the deed, and received $150 in cash. To that extent it goes to show the felonious purpose defendant had in making the false interpretation. Nor was it error for the court to admit the deed in evidence, as complained of.

Appellant also complains that the court erred in permitting the State to prove that the instrument given by the Moores to appellant on August 9, 1902, was not recorded until March 28, 1903. Clearly this was admissible testimony, since it indicates the State's theory that the instrument was fraudulently executed. If appellant had bought the property as he claims, he probably would have had the same recorded long prior to the time it was.

The eighth assignment complains that the court erred in admitting evidence for the State, to the effect that after the execution and delivery of the instrument dated August 9, 1902, on various occasions, defendant declared to Jo Moore and others that he had had a mortgage on the property of the Moores, but he had torn it up. This is a declaration against appellant's contention in this prosecution, and is very damaging and pertinent evidence against him.

The fact that appellant offered to sell the property in question to J. B. Parker, prior to selling it to Pauline R. Gray, is another legitimate circumstance, and was properly admitted in evidence.

By the tenth bill, appellant complains that the State was permitted to show by Chas. O. Guynes that a day or two after March 28, 1903, witness was employed as attorney by Jo Moore and his wife to bring a suit against Pauline R. Gray and defendant, in the District Court of Harris County, Texas, to cancel and set aside a deed made by defendant to Pauline R. Gray, under date of March 26, 1903, and a certain other instrument made by Jo and Maggie Moore to defendant, on

August 9, 1902, and that he brought such suit. Appellant objected to said testimony on the ground that it was too remote, incompetent and irrelevant and improper; that the same could not shed any light. upon the intent ,with which defendant acted on August 9, 1902, and could not in any manner affect the question whether or not the instrument executed by the Moores to appellant was in law and fact what appellant represented it to be at the time it was made. We think this testimony was not only improper, but highly prejudicial. As stated above, the Moores testified to the facts set up in the indictment. Certainly it would not be permissible for them to testify what they did in bringing a civil suit to set aside said deed. This could in no way bind appellant; nor would it be a fact going to establish his criminality. It might show, as the learned judge seems to have thought at the time of its introduction, the good faith of the Moores testifying as they did on the trial. But a witness cannot corroborate himself in this manner. It follows, therefore, that the court erred in admitting this testimony.

Appellant complains in his 12th assignment of error of the following portion of the court's charge: "If you believe from the evidence .beyond a reasonable doubt, that in Harris County, Texas, about the time alleged in the indictment, defendant did, with the intent at that time, to defraud, falsely interpret and misrepresent the contents of the written instrument set out and alleged in the indictment and introduced in evidence, by then and there declaring and saying to Joseph Moore and Maggie Moore, that the said instrument was then and there by its terms and the words and writing therein contained, a mortgage and meant and intended a security by which a loan of and for money to be advanced and to be given to said defendant for the use and benefit of said Joseph Moore and Maggie Moore, and not an absolute deed conveying said land described therein to said defendant, then find him guilty," etc. Appellant's contention is that the evidence here shows that the State's witness J. Leon Jones interpreted the instrument and not appellant, according to the testimony of the prosecuting witnesses. We do not think this contention correct, and the charge, therefore, was proper. However, on another trial we suggest that if the evidence shows Jones (as appellant contends) testified that he alone interpreted the instrument, the court should charge the jury on this issue, and if defendant was not present aiding and abetting said Jones, or did not himself falsely interpret said instrument, then he would not be guilty; or if Jones alone falsely interpreted the same appellant would not be guilty.

Appellant also complains that the court erred in failing to instruct the jury what, in law, would be a mortgage. We think this should have been done.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*